JOHN H. CARTER ET AL v, HENRY D. WILLITT ET AL.

**Wills—Testator Indebted to Legatee—Intention of Testator as to Satisfaction of Debt—General Rule.**

Where a debtor bequeathes a legacy to a creditor equal to or greater in amount than the debt, and of the same character, and payable after the debt becomes due, it is the practice of Courts Equity to regard it Prima Facie as intended to be in satisfaction of the debt, but it must be certain and not contingent and where no particular motive for the gift is assigned in the will. But this rule will not prevail where the legacy is of less amount that the debt, nor where there is a difference in the times of payment of the debt and the legacy, nor where they are of a different nature as to the subject matter, nor where there is an express direction in the will for the payment of the debt.

**Same—Presumption—Parol Evidence not Admissible.**

No presumption arises from anything contained in the will that the legacy to appellees was designed by the testator as a satisfaction of the debt he owed them and parol evidence is not admissible to prove such intention.

**Infants—Judgment—Guardian ad Litem.**

In an action against infants, the father cannot answer for them, and it is erroneous to render judgment against them before a guardian ad litem is appointed.

APPEAL FROM MARION CIRCUIT COURT.

February 5, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Edward Carter, on the 27th of September, 1863, published his last will which was probated in the county of his domicil on the 5th of October of the same year, by which he devised to his daughter, Mrs. Caroline Stites, certain slaves, six sheep, one cow, and four hundred dollars. To appellees, Henry D. Willitt and Mary Ann, who were his grandchildren, children of a deceased daughter, certain slaves by name 8 in number, three beds and bedding, two cows, and calves, two colts and all his cash and cash notes that might be on hand at his death.

To his only son, John H. Carter, he devised certain slaves, his farming utensils, horses, stock, except such as he had disposed of in previous clauses of his will, household and kitchen furniture, etc.

To the children of a deceased daughter, Mrs. Sally Ann Tutt, he gave a negro man.

To his son John, he had, a short time before the publication of his will, conveyed his farm, perhaps the most valuable part of his estate.

At the time of the publication of his will, he owed his grandchildren, the Willetts, $1190 for one of their slaves whom he had sold, and being infants they by their next friend brought this action in equity against their co-devisees, and the personal representative of the executor of said testator, to recover the debt claimed to have been owing by their grandfather to them at his death. On final hearing the court below adjudged to appellees the sum of $1190, with interest from the 30th day of March, 1862, till paid, and that as appellees are themselves heirs, and devisees of Edward Carter they are only entitled to recover against the other heirs, and devisees three-fourths of said sum, and adjudged against Caroline E. Stites, and Calvin Stites, her husband, Octavia Tutt, Eddie Tutt and Sarah H. Tutt, and John H. Carter heirs and devisees of Edward Carter deceased, the sum of $892, with interest thereon at the rate of six *per centum per annum* from the 30th of March, 1862, till paid and costs. To be levied upon the estate devised to said defendants, by said Edward Carter. And from that judgment John H. Carter and others have appealed.

It is insisted by appellants' counsel that the legacy bequeathed to appellees by their grandfather who was their debtor at the time, was a satisfaction of their debt and that presents the first and most important question for judicial determination in this case.

In some elementary works it is laid down as a general rule on the subject—That where a debtor bequeaths a legacy to a creditor equal to or greater in amount than the debt, and of the same character, and payable after the debt becomes due, it is the practice of courts of equity to regard *prima facie* as intended to be in satisfaction of the ·debt—In *Cloud and wife vs. Clinkinbeard's Exr. 8 B. Mon., 397,* the rule was stated to be substantially the same

as above with the addition that it must be certain, and not contingent, and where no particular motive for the gift is assigned in the will. But the rule will not prevail where the legacy is of less amount than the debt even as a satisfaction *pro tanto* nor where there is a difference in the times of payment of the debt, and the legacy—nor where they are of a different nature as to the subject matter, nor where there is an express direction in the will for the payment of debts.

The bequest of slaves to appellees, and their demand being for money, the debt and legacy are of a different nature, and the presumption of satisfaction of the debt can not arise from that portion of the bequest. It appears from the inventory of the estate of the testator that the cash on hand at his death was only $77, and the cash notes something over $1,000, and that both together did not amount to as much as the debt of appellees so that part of the bequest besides not being equal in amount to the debt, is not of the same nature, cash notes are not cash.

It is true the testator gives no direction in his will for the payment of his debts, and as appears from the inventory and other facts, that although he did not dispose of the whole of his estate by his will, still the part not disposed of is insufficient to pay this and other demands against him.

No presumption arises from anything contained in the will that the legacy to appellees was designed by the testator as a satisfaction of the debt he owed to them and the parol evidence offered by appellants to prove such intention was inadmissible. Such evidence is never admitted for the purpose of creating such a presumption, but only to confirm or repel a presumption arising on the fact of the will.

*Cloud and wife vs. Clinkinbeard's exr., etc., supra.*

The evidence of Peterson was incompetent, and the exceptions to his disposition was properly sustained.

There is nothing in the objection that appellees' claim for the payment of their debt is adverse to the will, and their right to both is unquestionable.

But no guardian *ad litem,* was appointed for the infant children of Mrs. Tutt, deceased, before the judgment was rendered, as required by *section 55 Cir. Code.* It is true their father professes to answer for them as their natural guardian—but that is not

sufficient, and it was erroneous to render judgment against them before an appointment of a guardian *ad litem.*

As notice was served on their co-defendants, of the time and place of taking the deposiion of Willett, and their defense was the same, the notice and service were sufficient, and the exception to his deposition properly overruled.

But for the error suggested the judgment is reversed and the cause remanded with directions for further proceedings not inconsistent with this opinion.

*Rountree & Fogle,* for appellants..

*Harrison,* for appellees.